**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Criminal Action No. 1:18-00026-KD-N-1** |
| | ) | **Civil Action No. 1:19-cv-00517-KD** |
| **VALERIA BROWN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

This matter is before the Court on Defendant Valeria Brown's Motion to Vacate pursuant to 28 U.S.C. § 2255 (Doc. 69), an amended motion to vacate (Doc. 72), a letter in support (Doc. 82), and the United States' Response (Doc. 98). Also before the Court is the United States' brief in response to an Order from this Court for clarification. (Doc. 114), Brown's counseled supplemental motion (Doc. 123), and the United States' Response. (Doc. 125). After lengthy consideration, the Court finds Brown is due relief from her conviction of the Section 924(c) charge (Count Two).

## I.  Claims

In 2018, Defendant Valeria Brown (Brown) plead guilty to a violation of 18 U.S.C. § 1951(a) (Count One) and to using and carrying a firearm during and in relation to that crime in violation of 18 U.S.C. § 924 (Count Two). (Doc. 37 at 16 (plea agreement)). She was sentenced to a total term of 120 months consisting of one day as to Count One and a mandatory 120 months as to Count Two, said terms to run concurrently. (Doc. 62 at 2).

On August 2, 2019, Brown timely moved to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 (Doc. 69). Liberally construed, Brown claims: 1) factual innocence

1

(which the Court construes as an asserted basis for overcoming procedural default); 2) ineffective assistance of counsel based on counsel's advice that she was guilty of the Section 924(c) charge because she was guilty of the predicate Hobbs Act violation; 3) her "conduct as a decoy" is insufficient to establish a Hobbs Act violation; and 4) the evidence was insufficient to establish a Hobbs Act violation because an eyewitness of the crimes identification of Brown was unreliable. (Doc. 69 at 4-8). In her memorandum in support of her claim (requesting the Court to "review her grounds that will show that she was denied the effective assistance of counsel"), Brown cites United States v. Davis, 139 S.Ct. 2319 (2019) (concluding that Section 924(c)(3)(B), the residual clause, is unconstitutionally vague). (Doc. 69-1 at 1-2).  In an amended petition Brown asserts: Hobbs Act robbery is not a crime of violence; and she asserts conspiracy to commit a Hobbs Act robbery is not a predicate offense for a Section 924(c) charge. (Doc. 72 at 3).

Brown, in a supplemental filing after counsel was appointed, expounds on her original claim #2 and asserts there was insufficient evidence to support an aiding and abetting theory of liability as to the Section 924(c) charge. (Doc. 123 at 5). She also alleges her counsel was ineffective for not properly informing her regarding the evidence required to convict her of the Section 924(c) offense. (Id. at 7).

## II.    Legal Standard

Pursuant to Title 28, United States Code, Section 2255, a person in federal custody may move to vacate, set aside, or correct his sentence. "Only jurisdictional claims, constitutional claims, and claims of error that are so fundamentally defective as to cause a complete miscarriage of justice will warrant relief through collateral attack." Eddie Lee Battles v. United States, 2020 WL 5407682, *3 (M.D. Fla. Sept. 9, 2020) (citing United States v. Addonizio, 442 U.S. 178, 184-86 (1979)). The movant, not the government, bears the burden to establish that vacatur of the

conviction or sentence is required. Beeman v. United States, 871 F.3d 1215, 1221-22 (11th Cir. 2017).

### III.   **Appeal Waiver**

Brown waived her right to "file any direct appeal or any collateral attack, including a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255" as part of her plea agreement. (Doc. 37 at 12-13). Brown's plea agreement stated she "will not challenge her guilty plea, conviction, or sentence in any district court or appellate court proceedings." (Id. at 13). The plea agreement outlines three exceptions to this general waiver: "(1) any sentence in excess of the statutory maximum; (2) any sentence which constitutes an upward departure or variance from the advisory guideline range" and (3)"the right to claim ineffective assistance of counsel in a direct appeal or § 2255 motion." (Id.).

However, a collateral attack waiver is an affirmative defense which must be pled by the United States. Burgess v. United States, 874 F.3d 1292, 1296 (11th Cir. 2017) ("Rule 8(c) governs the pleading of affirmative defenses such as a collateral-action waiver. It requires a party to 'affirmatively state any avoidance or affirmative defense, including ... waiver.'") (citing Fed. R. Civ. P. 8(c)). The United States has failed to plead the affirmative defense of waiver. And "a district court may not invoke a collateral-action waiver in a plea agreement." Burgess, 874 F.3d at 1301.

### IV.   **Statute of Limitations**

Brown had one year from the date her conviction became final to seek collateral relief of her conviction under Section 2255. 28 U.S.C. §2255(f). "A conviction ordinarily becomes final when the opportunity for direct appeal of the judgment of conviction has been exhausted." Akins v. United States, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000). "As relevant, a criminal defendant has

14 days to file a notice of appeal after either the entry of the judgment or order being appeal[ed]."

Ventura v. United States, 2020 WL 5230943, at *1 (11th Cir. 2020) (citing Fed. R. App. P. 4(b)(1)(A)). "A judgment…is entered for purposes of this Rule 4(b) when it is entered on the criminal docket." Fed. R. App. P. 4(b)(6). Moreover, now every day, including intermediate Saturdays, Sundays, and legal holidays are included in the computation. See Fed. R. App. P. 26(a)(1).

Brown did not file a direct appeal, so her conviction became final 14 days after the entry of judgment, which was on August 9, 2018. Therefore, she had until August 23, 2019 to timely file this motion. Brown timely filed her petition on August 8, 2019. (Doc. 69). As outlined *supra*, Brown, *inter alia,* initially challenged her conviction of Section 924(c) based on ineffective advice from counsel that she was guilty of the Section 924(c) charge, citing United States v. Davis in support. (Doc. 69-1 at 1-2). Brown amended her petition wherein she again cited United States v. Davis, 139 S. Ct. 2319 (2019) (finding that Section 924(c)(3)(B), the residual clause, is unconstitutionally vague). (Id.). There, she clarified that her challenge to her conviction was because conspiracy is not a crime of violence, and thus it cannot be a Section 924(c) predicate offense. (Doc. 72 at 3). The amended petition was received on August 26, 2019. See generally (Id.). However, "a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009). We assume, "[a]bsent evidence to the contrary,…that a prisoner delivered a filing to prison authorities on the date that [s]he signed it." Jeffries v. United States, 748 F.3d 1310, 1314 (11th Cir. 2014)." Daniels v. United States, 809 F.3d 588, 589 (11th Cir. 2015). The petition indicates a signed date of August 17, 2019. (Doc. 72 at 7). Moreover, the envelope is postmarked August 22, 2019. (Id. at 8). Both dates allow for the conclusion that the amendment was timely filed.

## V.  <u>Procedural Default</u>

 "[A] defendant generally must advance an available challenge to a criminal conviction on direct appeal or else the defendant is barred from raising that claim in a habeas proceeding." <u>Granda v. United States,</u> 990 F.3d 1272, 1286 (11th Cir. 2021) (internal citations omitted) (quoting <u>Fordham v. United States</u>, 706 F.3d 1345, 1349 (11th Cir. 2013)). Brown did not directly appeal her conviction. However, claims based on ineffective assistance of counsel may be "brought in the first instance in a timely motion in the district court under § 2255."  <u>Massaro v. United States</u>, 538 U.S. 500, 504, 123 S. Ct. 1690, 1694, 155 L. Ed. 2d 714 (2003).

Brown's claims that are not based on ineffective assistance of counsel are procedurally defaulted and cannot succeed on collateral review unless she can either (1) show cause to excuse the default and actual prejudice from the claimed error, or (2) show that she is actually innocent of the conviction. <u>Bousley v. United States</u>, 523 U.S. 614, 622 (1998).

Actual innocence is not a freestanding claim amendable to habeas review. <u>Herrera v. Collins</u>, 506 U.S. 390, 401 (1993) ("Few rulings would be more disruptive of our federal system than to provide for federal habeas review of freestanding claims of actual innocence.").  Therefore, the Court construes Brown's assertion of actual innocence as an effort to overcome procedural default on her claims that are not rooted in ineffective assistance of counsel.[1] In the context of overcoming a procedural default, "actual innocence" means factual innocence, and "[t]o establish actual innocence, the petitioner must demonstrate that, 'in light of all the evidence,' 'it is more likely than not that no reasonable juror [would have] convicted him.'" <u>Bousley v. United States,</u>

---

[1] Brown also states in the section on the § 2255 form that asks movants to explain why they did not directly appeal: "I requested for an appeal and my attorney stated I was not eligible." (Doc. 69 at 3). Brown does not present any evidence as to this assertion, she does not bring up this argument in her memorandum in support of her motion nor in any of her supplemental filings, including her counseled supplement. Thus, Brown has not sustained her burden to show cause based on this assertion.

523 U.S. 614, 623 (1998) (quoting Schlup v. Delo, 513 U.S. 298, 327–28, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)).

**VI.**     **Sufficiency of the Evidence**

At the plea hearing, Brown admitted to the following facts: On October 10, 2016, two men, armed with handguns, entered a Walmart in Mobile, Alabama. (Doc. 37 at 17). The two men held two suspects at gunpoint and took deposit bags and the cash cart that was being used to collect deposits from the registers. (Id.). Before the two men entered this Walmart, Brown and her co-defendant, John Spinner, entered the Walmart. (Id.). "The plan for the robbery was that" Brown Spinner would enter the store posing as a couple with an infant, pretending to be Walmart customers. (Id.). Their role was to communicate "to the two armed suspects via cell phone when it was clear for them to enter the Walmart and commence the robbery." (Id.). Spinner and Brown then waited outside the store, in a 1997 White Nissan Altima, for the two armed men to complete the robbery. (Id. at 18). The two armed suspects fled the Walmart, entered a red Ford pickup truck and fled the scene in that vehicle. (Id.). A witness followed the two armed suspects; Spinner and Brown followed the witness. (Id.). While following the witness, Spinner "fired several shots in an attempt to cause [the witness] to stop following the red Ford pickup truck with the two armed suspects." (Id.). Brown and Spinner "received money from the robbery in exchange for their parts in the plan." (Id.).

In claims 3 and 4, Brown appears to challenge the sufficiency of the evidence as to the Hobbs Act violation (Count One) by claiming her "alleged" actions as a decoy and the unreliable eyewitness identification (presumably of the car) undermine her conviction. (Doc. 69 at 8; Doc. 69-1 at 2). Brown is procedurally barred from bringing these claims because she did not directly appeal. See Aguero v. United States, 580 Fed.Appx. 748, 751-54 (11th Cir. 2014) (acknowledging

the procedural default doctrine applies to sufficiency of the evidence claims); Cox v. United States, 2013 WL 1909429, *3 (N.D. Ala. May 2, 2013) (same). Moreover, Brown has not shown either cause and actual prejudice or that she is actually innocent of Count One.

Brown initially alleges in her memorandum that defense counsel "forced her into saying that she was an actual decoy and that she participated in the robbery at hand," implying that she did not knowingly participate. (Doc. 69-1 at 1). However, this allegation is contradicted by Brown's subsequent letter to the Court wherein she admits that she participated in a conspiracy to commit a robbery, was talked "into being a decoy" and "deserved" to be sentenced for her participation in a conspiracy to commit a Hobbs Act violation.  (Doc. 82 at 1-3).  As such, Brown cannot establish actual innocence as to Count One. Moreover, Brown's admissions, made knowingly and voluntarily in the factual resume and under oath, are more than sufficient to support her conviction as to the Count One Hobbs Act violation. The reliability of an eyewitness has no effect on that conclusion. Brown's sufficiency of the evidence claim as to Count One is not only procedurally defaulted, it is without merit.

Brown also challenges the sufficiency of the evidence regarding her role as an aider and abettor to the use and discharge of a firearm during the robbery (Count Two).[2] To convict Brown of the Section 924(c) offense under an aiding and abetting theory of liability, the United States was required to show Brown had "advance knowledge that a gun would be used such that [s]he could withdraw from the offense." U.S. v. Rodriguez, 591 Fed.Appx. 897, 904 (11th Cir. 2015). The factual resume and plea colloquy did not contain sufficient evidence regarding Brown's advance knowledge of Spinner's gun.[3] Nevertheless, lack of sufficient evidence to support a conviction for

---

[2] Brown's claim #2 and the counseled supplement claims are included in the discussion.

[3] The indictment specifically charges Brown with Spinner's gun in the Section 924(c) offense, Count 2. (Doc. 1 at 2).

aiding and abetting a § 924(c) crime does not foreclose a conviction based on Pinkerton liability "on the basis that it was reasonably foreseeable…that a co-conspirator would have a gun." United States v. Rodriguez, 591 Fed.Appx. at 905.[4] It was reasonably foreseeable that Spinner would have a gun in his role as lookout and in the flight thereafter. See *supra* (Section VI (facts admitted by Brown)). Brown's sufficiency of the evidence claim, as it relates to her role as an aider and abettor to the use and discharge of a firearm, is without merit. Brown couches this argument as an ineffective assistance of counsel claim. However, because the underlying claim has no merit, the Court also finds that her ineffective assistance of counsel claim fails.

---

[4] The Third Circuit in United States v. Whitted, 743 Fed.Appx. 90, 94 n.4 (3d Cir. 2018) explained the rationale for this stating:

> It is immaterial that Whitted was charged in the superseding indictment with violating § 924(c) under an aiding and abetting, but not *Pinkerton*, theory. Because *Pinkerton* and aiding and abetting are two alternative theories under which the government may prove a substantive criminal offense, *cf. Nye & Nissen v. United States*, 336 U.S. 613, 618–20, 69 S.Ct. 766, 93 L.Ed. 919 (1949), the government was entitled to proceed under both theories at trial. *See, e.g.*, *United States v. Rosalez*, 711 F.3d 1194, 1210 (10th Cir. 2013) ("[E]ven in the absence of evidence supporting an aiding and abetting conviction, persons indicted as aider and abettors may be convicted pursuant to a *Pinkerton* instruction.") (quoting *United States v. Comeaux*, 955 F.2d 586, 591 (8th Cir. 1992) ); *United States v. Vazquez-Castro*, 640 F.3d 19, 24 (1st Cir. 2011) ("[A] jury may be instructed to consider the liability theory established in *Pinkerton* as an alternative ground for conviction under § 924(c)(1) in addition to an aiding and abetting theory. The alternative instruction is justified because, as with the aiding and abetting theory, vicarious co-conspirator liability under *Pinkerton* is not in the nature of a separate offense." (quotation marks, citation and brackets omitted) ).

> Indeed, "[i]ndictments do not recite the government's theory of proof, which is what the *Pinkerton* theory is. The function of a federal indictment is to state concisely the essential facts constituting the offense, not how the government plans to go about proving them." *United States v. Washington*, 106 F.3d 983, 1011 (D.C. Cir. 1997) (quotation marks, citation, ellipsis, and brackets omitted). Additionally, we have held that "conspiracy need not be charged in order for *Pinkerton's* doctrine to apply." *United States v. Lopez*, 271 F.3d 472, 480–81 (3d Cir. 2001); *see also United States v. Zackery*, 494 F.3d 644, 648 (8th Cir. 2007) ("As *Pinkerton* liability is an issue of whether the evidence was sufficient to convict the defendant of a substantive offense, whether the indictment charged a separate conspiracy offense is simply irrelevant."). In any event, Whitted was charged and convicted of a conspiracy to distribute five kilograms or more of cocaine. *See* 21 U.S.C. § 846. A *Pinkerton* conviction under § 924(c) is proper because the § 924(c) violation was a reasonably foreseeable consequence of the drug conspiracy.

## VII.    The Applicability of *Davis v. United States*

Brown alleges that her conviction in Count One was conspiracy to commit a Hobbs Act

Robbery and that a conspiracy is not a crime of violence, such that her Section 924(c) conviction

is due to be reversed.[5] Brown is correct that conspiracy to commit a Hobbs Act violation is not a

crime of violence. See Brown v. United States, 942 F.3d 1069, 1075 (11th Cir. 2019) (holding that

conspiracy to commit Hobbs Act robbery is not a crime of violence). The Supreme Court in Davis

struck down the residual clause of Section 924(c)(3)(B) as unconstitutionally vague. Davis, 139

S.Ct. at 2336. Thereafter, the Eleventh Circuit explained that in light of Davis, for a Section 924(c)

conviction to survive, the predicate offense must qualify as a crime of violence pursuant to Section

924(c)(3)(A)'s elements clause. Brown v. United States, 942 F.3d at 1075. In Brown v. United

States, decided after Valeria Brown was convicted and sentenced, the Eleventh Circuit held that

conspiracy to commit a Hobbs Act robbery does *not* qualify as a crime of violence under the

elements clause. Id. at 1076. Consequently, Section 924(c) offenses predicated on conspiracy to

commit Hobbs Act robbery cannot survive. Id.

If Brown is able to show that her Section 924(c) conviction was based on a conspiracy to

commit Hobbs Act robbery, she would be actually innocent; thus, she could overcome the

procedural default. See Granda, 990 F.3d at 1286 (citations omitted) (holding, *inter alia*, that

Granda was unable to establish factual innocence because he was unable to "show that his § 924(o)

conviction was in fact based on the conspiracy-to-rob predicate."). Specifically, the error would

be jurisdictional and thus not procedurally barred. See United States v. Peter, 310 F.3d 709, 715

---

[5] Brown also incorrectly asserts that Hobbs Act robbery is not a crime of violence in light of the Supreme Court's holding in Davis. See Davenport v. United States, 788 Fed.Appx. 707, 707 (11th Cir. 2019) ( "And even if we treat his claim as challenging his conviction pursuant to *United States v. Davis*, ––– U.S. ––––, 139 S. Ct. 2319, 204 L.Ed.2d 757 (2019), which struck down the residual clause of § 924(c), binding precedent in this Circuit holds that Hobbs Act robbery is a crime of violence under the elements clause of § 924(c), and therefore his appeal lacks merit.").

(11th Cir. 2002) ("The problem is…the Government affirmatively alleged a specific course of conduct that is outside the reach of the mail fraud statute. Peter's innocence of the charged offense appears from the very allegations made in the superseding information, not from the omission of an allegation requisite to liability. In this circumstance, the rule of *Meacham,* that a district court lacks jurisdiction when an indictment alleges only a non-offense, controls. The district court had no jurisdiction to accept a plea to conduct that does not constitute mail fraud, and the doctrine of procedural default therefore does not bar Peter's present challenge."). The analysis of procedural default is inextricably intertwined with the merits, so the Court considers first whether Brown has established that the predicate crime for the Section 924(c) charge was conspiracy to commit a Hobbs Act violation.

The Court starts this inquiry by reviewing the indictment. Count Two of the indictment charges, in relevant part, that Brown "aided and abetted…and unlawfully in furtherance of interference with commerce by threat or violence…to wit; Interference with Commerce by Robbery, **as described in Count One of this Indictment**, did knowingly use, carry and discharge in furtherance of such crime, a firearm, namely, a black .45 semiautomatic pistol." (Doc. 1-2 at 2) (emphasis added). Although Count Two references a Hobbs Act robbery (without specifying attempt or conspiracy), it specifically states that the predicate crime is as charged in Count One.[6] Moreover, the United States does not contend that the predicate crime was a completed Hobbs Act robbery, instead it alleges that the predicate crime was attempt to commit a Hobbs Act violation. (Doc. 114 at 2-3).

Count One of the indictment charged conspiracy to commit a Hobbs Act violation; it also references an attempt to commit a Hobbs Act violation. The Court notes that at the guilty plea

---

[6] At the plea hearing the United States did not specify the crime of violence when reciting the elements as to Count Two.

hearing as to Count One, the United States recited the elements of a completed Hobbs Act robbery (which was not charged). Counsel for Brown did not object to this recitation and the Court accepted the plea of guilty as to Count One and Two without recognizing or addressing the discrepancy. However, the law is clear that an indictment cannot be amended to "broaden the possible bases for conviction beyond what is contained in the indictment." United States v. Ward, 486 F.3d 1212, 1227 (11th Cir. 2007) (citations omitted). "Simply put, a defendant can be convicted only of a crime charged in the indictment." United States v. Madden, 733 F.3d 1314, 1318 (11th Cir. 2013). It would be plain error for the Court to have allowed a constructive amendment to the indictment to change the charge in Count One, and the predicate crime in Count Two, to a completed Hobbs Act robbery. Id. at 1322-23.

Apparently, the United States recognizes this and instead argues that Brown was convicted in Count One of an **attempt** to commit a Hobbs Act robbery, and that this is the predicate crime in Count Two. (Doc. 114 at 3). In support, the United States notes the reference to attempt in Count One and contends that Brown was convicted of attempt because no mention of conspiracy was made when reciting the elements of Count One, i.e. an agreement between two or more people. (Doc. 114 at 2-3, 5; Doc. 125 at 4). However, neither was there any mention of the elements of attempt, i.e. a substantial step. Furthermore, the judgment indicates a conviction for Hobbs Act robbery without specifying attempt or conspiracy.[7] See generally (Doc. 63). And as to Count Two, the United States recited the basic elements to establish the Section 924(c) offense without stating the predicate crime of violence.

---

[7] The confusion seems to arise from the fact that the crimes of conspiracy to commit a Hobbs Act violation, attempt to commit a Hobbs Act violation and a completed substantive Hobbs Act robbery all arise from the same statute, 18 U.S.C. § 1951(a) and carry the same penalties. It is only now that one of those crimes is no longer a proper predicate to a Section 924(c) charge, that distinguishing between the offenses in the judgment is essential.

11

The Court determines that Count One charged, and Brown was convicted of, conspiracy to commit a Hobbs Act robbery. First, a review of the sentencing transcript sheds some light as to what the Court believed to be the offense at issue. In relation to Count Two, the Court stated that Brown was guilty of the Section 924(c) charge (and the enhanced penalty for discharging the gun) under a <u>Pinkerton</u> theory of liability, a liability that attaches in a conspiracy context. (Sentencing Hearing Transcript at 4). And, while a conspiracy need not be charged for <u>Pinkerton</u> liability to apply to a Section 924(c) charge, <u>see</u> <u>United States v. Zackery</u>, 494 F.3d 644, 648 (8th Cir. 2007) ("As <u>Pinkerton</u> liability is an issue of whether the evidence was sufficient to convict the defendant of a substantive offense, whether the indictment charged a separate conspiracy offense is simply irrelevant."),[8] it is evident from the record that the Court believed the predicate offense to be conspiracy.

Next, the wording of the indictment supports this conclusion. The indictment leads with the usual language that charges a conspiracy, stating Brown and Spinner:

> **did willfully and knowingly, conspire, confederate and agree together, with each other, and with diverse other persons known and unknown to the Grand Jury**, to unlawfully obstruct, delay and affect, and did attempt to obstruct, delay and affect, commerce and the movement of articles and commodities in such commerce, by robbery, in that the defendants, VALERIA BROWN and JOHN SPINNER did unlawfully take and obtain property consisting of approximately $12,585 currency from Walmart…by means of actual and threatened force, violence and fear of injury to the person(s) of said employees.

(Doc. 1 at 1-2) (emphasis added). Granted, the indictment references attempt, but it more closely tracts the language commonly used to charge a conspiracy. <u>See</u> <u>e.g.</u>, <u>United States v. Groce</u>, 2:15-

---

[8] A defendant can also be found guilty of a Section 924(c) offense based on <u>Pinkerton</u> liability which is premised on the reasonably foreseeable actions of co-conspirators. <u>United States v. Diaz</u>, 248 F.3d 1065, 1099 (11th Cir. 2001); <u>United States v. Bell</u>, 137 F.3d 1274, 1274–75 (11th Cir. 1998). Lack of sufficient evidence to support a conviction for aiding and abetting a <u>§ 924(c)</u> crime does not foreclose a conviction based on <u>Pinkerton</u> liability "on the basis that it was reasonably foreseeable…that a co-conspirator would have a gun." <u>United States v. Rodriguez</u>, 591 Fed.Appx. 897, 905 (11th Cir. 2015).

cr-00511-KKD-GMB (M.D. Ala. 2015) (Count One charging conspiracy to commit Hobbs Act robbery); United States v. Cannon, 1:15-cr-20923-UU (S.D. Fla. 2015) (same).

Also, the facts support the conclusion that the predicate charge for the Section 924(c) offense was conspiracy to commit a Hobbs Act robbery. As set forth *supra*, the factual resume details the Walmart robbery; it then described Brown's participation. On two occasions, the facts reference "the plan" to which Brown acquiesced and participated. (Doc. 37 at 17-18). The use of this language supports that Count One was a conspiracy to commit a Hobbs Act robbery. The Court notes that the facts would also support that Brown aided and abetted a completed Hobbs Act robbery. But, as stated previously, the indictment does not charge a completed Hobbs Act robbery.

Moreover, although the United States contends that Brown pled guilty to attempt, this is a new and inconsistent position by the United States. In response to Spinner's (Brown's co-defendant) habeas petition, the United States specifically stated that Count One charged a conspiracy to commit a Hobbs Act violation. (Doc. 80 at 10-11). The United States argued that both the facts and the wording of the indictment supported this conclusion. Id. It should also be noted that Spinner's and Brown's plea hearing was held concurrently and that they pled to the same indictment.

However, in Spinner's case the United States also contends Davis is inapplicable. See e.g., (Doc. 80 at 10-13). In response to Spinner's Davis claim, the United States argued that the Section 924(c) conviction was not affected by Davis because Spinner admitted facts which would support that he aided and abetted the Hobbs Act Robbery, a violent crime (although the Section 924(c) did not reference this as the predicate violent crime). (Id. at 12). The United States relied on language in In re Navarro, 931 F.3d 1298, 1302 (11th Cir. 2019) ("We have held that a conviction under § 924(c) does not require that the defendant be convicted of, or even charged with, the predicate

13

offense.") and argued because the predicate crime need not be charged, the court can look to the admitted facts to determine whether there is support for an underlying predicate crime. (Id. at 12-13). The United States misconstrues Navarro. In Navarro the Court stated that the defendant need not be charged or convicted of the predicate crime that supports the Section 924(c) conviction. In re Navarro, 931 F.3d at 1302. This statement was in relation to the fact that Navarro did not plead guilty to the drug transactions that were, along with conspiracy to commit a Hobbs Act violation, identified as the predicate crimes to the Section 924(c) charge.[9] Navarro does not support the contention that a predicate crime different than the one identified in the indictment may be used to sustain a Section 924(c) conviction. Nor can the Section 924(c) charge be supported solely on Defendant's admission of facts that would support a crime of violence. See Langston v. United States, No. 15-20544-CR, 2020 WL 5536592, at *2 (S.D. Fla. Aug. 26, 2020), report and recommendation adopted, No. 15-CR-20544-KMW-2, 2020 WL 5535350 (S.D. Fla. Sept. 15, 2020) (rejecting the government's argument that the Court could rely on the "uncontested facts in the factual proffer and PSI [to] demonstrate that [movant] committed substantive Hobbs Act robbery, and [thus] establish [his] guilt as to [the] § 924(c) charge.") (citing Brown v. U.S., 942 F.3d 1069 (11th Cir. 2019).

The Court concludes Brown was convicted of conspiracy to commit Hobbs Act robbery in Count One of the indictment. Accordingly her Section 924(c) conviction (Count Two), which was premised on the crime described in Count One, is invalid and must be vacated.

**VIII.  Conclusion**

---

[9] "[T]he indictment specified Navarro's § 924(c) charge was predicated on both conspiracy to commit Hobbs Act robbery, as charged in Count One, and drug-trafficking crimes, as charged in Counts Two and Three." In re Navarro, 931 F.3d 1298, 1299 (11th Cir. 2019)

For the reasons stated herein, Defendant's Motion to Vacate pursuant to 28 U.S.C. § 2255 (Doc. 69) is **DENIED in part** and **GRANTED in part**. Brown's conviction of Count Two is vacated.  A resentencing hearing is set for **July 7, 2021 at 10:00 a.m.** in Courtroom 4B of the United States Courthouse 155 Saint Joseph St., Mobile, Alabama.[10]  Brown is ordered to file a sentencing memorandum by **June 28, 2021.** Any response should be filed by **July 6, 2021.**

**DONE** and **ORDERED** this the **17th day** of **June 2021.**

s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[10] See United States v. Watkins 147 F.3d 1294, 1297 (11th Cir. 1998) ("In this case, the district court viewed Watkins's sentence as a "package" and took into account "the nature of the crime, certain characteristics of the criminal, and the interdependence of the individual counts." *United States v. Binford,* 108 F.3d 723, 728 (7th Cir.1997). The district court had jurisdiction to resentence Watkins on all counts when Count III was vacated because the sentencing package became "unbundled," and the district court had to recalculate and reconsider Watkins's sentence for it to comport with the district court's original intentions at sentencing. *Id.* at 728–29. In rare cases such as this one, where the district court is sentencing outside the guidelines range, it is particularly important that the district court have discretion to reevaluate the entire sentencing package.")